EDWARD J. BERGIN, Plaintiff, *v.* JOHN J. DEERING, Defendant. JOHN MULHOLLAND and BARTHOLOMEW PECK, Appellants; GEORGE N. VERITZAN, Receiver, Respondent.

*Partnership property levied upon by judgment creditors — receiver's rights to its possession.*

Two copartners having disagreed about the management of their partnership business instituted, by arrangement, an action to wind up the business through the aid of a receiver, pursuant to which a receiver was appointed; prior to the appointment certain creditors of the firm recovered judgments, under which executions were issued and levies were made by the sheriff.

Upon motion of the receiver, although the validity of the judgments was not impeached, nor was any security offered for their ultimate payment, an order was obtained directing the sheriff to turn over to the receiver all property taken on the executions.

*Held,* that there was no reason for depriving the judgment creditors of their legal liens for the sole purpose, so far as was disclosed, of permitting the receiver agreed on by the litigants to prosecute the business which they could not agree to manage themselves, and, hence, that the order directing the sheriff to turn over the property held by him under the executions to the receiver should be reversed.

First Department, June Term, 1893.                    [Vol. 70.

Appeal by John Mulholland and Bartholomew Peck, judgment creditors of the firm of Deering, Bergin & Co., from an order of the Supreme Court, made at the New York Special Term on April 17, 1893, and entered in the office of the clerk of the city and county of New York, directing the sheriff of the city and county of New York to turn over to George N. Veritzan, receiver in this action, the moneys and property of the firm of Deering, Bergin & Co. held by the sheriff under executions.

*James Kearney*, for the appellants.

*Nathaniel Levy*, for the respondent.

Per Curiam :

The litigants were partners, but in what business they were engaged, its extent, the amount of capital employed, or their liabilities, are not shown. It does not appear that the firm or the individual members thereof are insolvent. Indeed, nothing is affirmatively shown, except that the parties were engaged in some kind of business as partners and disagreed about its management, but in what respect is not made known. However, they finally agreed that this action should be brought to wind up their affairs through the aid of a receiver, pursuant to which a receiver was appointed. Before the appointment was made, two creditors of the firm recovered judgments, upon which executions were issued and levied by the sheriff. Upon motion of the receiver, the sheriff was directed to turn over to the receiver all property taken on the executions. The validity of the judgments is in no wise impeached, nor was any security offered for their ultimate payment.

We are unable to see any reason for depriving those judgment creditors of their legal liens for the sole purpose, so far as is disclosed by the papers, of permitting this receiver agreed on by the litigants to prosecute the business which they could not agree to manage.

The order should be reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs.

Present — Van Brunt, P. J., Follett and Parker, JJ.

Order reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs.